## ZIMMERMAN v. UNITED STATES.

### (Circuit Court, S. D. New York. April 18, 1894.)

CUSTOMS DUTIES—CLASSIFICATION—COTTON BRAIDS.

    Braids composed of 95 per cent. of cotton and 5 per cent. of other materials, commercially known as belonging to the class of "cotton braids," though bought and sold under the specific names of "cotton hat

braids," "cotton fancy braids," "cotton straw braids," etc., and used in the manufacture of hats, *held* to be dutiable at 35 cents per pound, under paragraph 354 of the tariff act of October 1, 1890, and not at 20 per cent. ad valorem, under section 4 of said act, as a nonenumerated manufactured article, nor at 40 per cent. ad valorem, under paragraph 355, as a manufacture of cotton not specially provided for, nor at 40 per cent. ad valorem, under paragraph 354, as "cotton gimps, galloons, webbing, goring, suspenders and braces," nor free of duty, under paragraph 518 of the free list of said act, as claimed by the importer.

(Syllabus by the Court.)

Application by John Zimmerman, importer, for a review of a decision of United States general appraisers concerning certain importations of braids made by him in 1890 and 1891, affirming the decision of the collector at the port of New York.

The importations were classified for duty by the collector under the provisions for "cotton cords, braids, boot, shoe, and corset lacings," contained in paragraph 354, schedule I, Act 1890 (26 Stat. 593). The importer protested, as stated in the syllabus.

Hess, Townsend & McClelland, for importer.
Henry C. Platt, U. S. Atty.

TOWNSEND, District Judge (orally). It appears that, while the braids are exclusively used for making hats, yet they are cotton braids in fact, and are generally and commercially known as "cotton braids," although they are also known as "cotton hat braids," and a certain pattern is known as the "Belgrade pattern." It seems to me that the construction contended for by the importer would nullify the operation of the statute (paragraph 518), by admitting braids suitable for making hats, irrespective of their composition,—whether of wire, paper, leather, or whalebone, for example,—and that therefore, this construction could not have been intended by congress; and a further suggestion in support of this view seems to be afforded by the limiting clause (in paragraph 518), in which all "similar manufactures" are limited as to the material of which they are composed. I can see no reason why, if the limitation is applied to the general term "similar manufactures," it should not also be applied to the braid, especially in view of the fact already suggested,—that the other view admits of other materials, such as have been mentioned. The construction contended for by the government seems to be further in harmony with the intention of congress as manifested by other acts, and in accordance with the construction applied by the courts in similar cases. I therefore think that the decision of the board of general appraisers should be affirmed. Decision affirmed.